IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JAMES WALKER,
#R02343,

        Plaintiff,

v.

WARDEN BROOKHART,
L. LIVINGSTON,
JOHN R. BALDWIN,
JOHN DOE 1,
JOHN DOE 2,
JOHN DOE 3,
JOHN DOE 4,
JOHN DOE 5,
JOHN DOE 6,
JANE DOE 1,
JANE DOE 2, and
JANE DOE 3,

        Defendants.

Case No. 21-cv-00110-SPM

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

    Plaintiff James Walker, an inmate of the Illinois Department of Corrections, brings this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights that occurred while housed at Lawrence Correctional Center ("Lawrence"). The Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of a pro se complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## THE COMPLAINT

Walker alleges that he has medical issues and takes medication that causes him to have to urinate on a frequent basis. He claims that while he was incarcerated at Lawrence, Defendants took actions designed to impede his rights to use the restroom at various times, even after they were made aware of his medical condition.

Specifically, in September 2018, while being transported from Lawrence Correctional Center ("Lawrence") to Menard Correctional Center on a court writ, Walker informed Defendants John Doe 1 and John Doe 2 that he needed to use the bathroom due to the medications he was taking. John Doe 2 informed Walker that there was only 30 minutes left of the trip. Walker asserts that the drive was longer than 30 minutes due to constant slow driving. He was unable to hold his bodily functions and urinated on the floor. (Doc. 1, p. 10).

Walker further claims that the restroom access he was given during law library hours at Lawrence was constitutionally inadequate. (Doc. 1, p. 12). According to his exhibits, Walker was typically scheduled to visit the law library at 2:00 p.m. and 2:30 p.m. was the scheduled time for inmates to access the restroom. (*Id.* at p. 25). Walker states that Defendants made the process of using the restroom "unduly cumbersome by either not allowing such restroom access or by not opening the restroom for long periods and forcing [him] to hold his bodily functions the entire time of the law library." (*Id.* at p. 12). On some days, he would remain in the law library until 5:30 p.m. and was unable to use a restroom for three and half hours. In December 2019, and on January 7, 14, 21, and 28, 2020, Walker was denied the use of the restroom while in the law library preparing for upcoming court deadlines. Walker states he was forced to hold his urine for hours.

On February 4, 2020, after being denied the use of the restroom in the law library, Walker urinated on himself on his walk back to the cellhouse. On February 11, 2020, he again was prohibited from using the restroom in the academic building. He repeatedly asked and was then

advised he would have to leave the law library and return to the cellhouse in order to use the bathroom.

### DISCUSSION

Based on the allegations in the Complaint, the Court designates the following count:

**Count 1:** Defendants violated the Eighth Amendment by prohibiting or limiting Walker's use of the restroom.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly*[1] pleading standard.**

Walker claims that Defendants, acting pursuant to Lawrence policies, violated the Eighth Amendment by depriving him of basic human rights when they refused to allow him to access the restroom while being transported to another correctional facility and then several times during law library hours. These allegations do not amount to a constitutional violation.

"The lack of access to toilet facilities for a relatively short period of time has been held not sufficiently serious to state a claim of constitutional dimension." *Watford v. Ellis,* No. 16-cv-582-NJR, 2016 WL 5944444 at *2 (S.D. Ill. Oct. 13, 2016). *See, e.g., Clark v. Spey*, No. 01-C-9669, 2002 WL 31133198 at *2-3 (N.D. Ill. Sept. 26, 2002) (inmate held in cold cell with no toilet for several hours overnight failed to state a claim); *Castro v. Atchison,* No. 13-cv-00303-JPG-PMF, 2015 WL 7184816 at *4 (S.D. Ill. Sept. 14, 2015) (inmate was denied a toilet for four hours and sat in his own urine for the three, while being transported from Menard to Lawrence, did not violate the Eighth Amendment); *Thomas v. Cox,* 2011 WL 3205660, at *3 (S.D. Ill. July 27, 2011) (inmate forced to share toilet with 90-100 other men resulting in lengthy wait to use the bathroom causing stomach pain and constipation did not state claim); *Ledbetter v. City of Topeka, Kansas*, 318 F.3d

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (7th Cir. 2007).

1183, 1188 (10th Cir. 2003) (pretrial detainee held for five hours in cell lacking a toilet did not state claim for cruel and unusual punishment). Without a doubt, Walker suffered discomfort and inconvenience from not being able to access a restroom during his trip from Lawrence to Menard and while using the law library. However, as described, the conditions Walker experienced were not "so objectively egregious as to rise to the level of a denial of the 'minimal civilized measure of life's necessities' that would create a substantial risk to his health." *Thomas,* at *3.

Additionally, the Court notes that it appears Walker brings this action against Defendants in their official capacities for money damages and injunctive relief. (*See* Doc. 1, p. 13). "It is well-established that suits against government officials in their official capacity are suits against the governmental entity of which the officer is an agent." *Ames v. Randle,* 933 F.Supp.2d 1028, 1038 (N.D. Ill. March 18, 2013); citing *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). A civil rights lawsuit for damages against a state official in his official capacity is barred by the Eleventh Amendment. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Wynn v. Southward,* 251 F.3d 588, 592 (7th Cir. 2001). Any claims against Defendants in their official capacities for money damages are dismissed.

While injunctive relief may be obtained from a person in his or her official capacity, Walker is no longer at Lawrence rendering his request for injunctive relief order Defendants to provide adequate restroom access during law library hours moot. *See Lehn v. Holmes*, 364 F.3d 862, 871 (7th Cir. 2004) (if a prisoner seeks injunctive relief specific to a particular prison and he is transferred out of that prison, the need for relief becomes moot). Accordingly, his claim for injunctive relief is also dismissed.

For these reasons, Count 1 and the entire Complaint are dismissed with prejudice. The Court is cognizant of the general preference to allow a pro se litigant to amend a complaint that fails to state a claim in order to correct the deficiencies. *See* FED. R. CIV. P. 15(a). Leave to amend

a complaint need not be granted, however, when an amendment would be futile. *See Bogie v. Rosenberg,* 705 F.3d 603, 608 (7th Cir. 2013); *Garcia v. City of Chi.*, 24 F.3d 966, 970 (7th Cir. 1994); *Barry Aviation, Inc. v. Land O'Lakes Mun. Airport Comm'n,* 377 F.3d 682, 687 (7th Cir. 2004) (leave to amend should be freely given "unless it is certain from the face of the complaint that any amendment would be futile"). The Court finds that amendment in this case would be futile. Walker has clearly articulated the factual basis for his claims, and it does not appear that by giving him the opportunity to amend he will be able to overcome the constitutional infirmities of his claim regarding limited use of the restroom facilities. Therefore, this matter is dismissed with prejudice and without leave to amend.

## DISPOSITION

As stated above, the Complaint, including Count 1, is **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted. Walker is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

Walker may appeal this Order by filing a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If Walker does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger,* 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza,* 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockish,* 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Walker may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: May 17, 2022**

                                                    _s/Stephen P. McGlynn_
                                                    **STEPHEN P. MCGLYNN**
                                                    **United States District Judge**